■ NEW YORK TRAP ROCK CORPORATION, Respondent, v. TOWN OF CLARKSTOWN, Rockland County, et al., Appellants.— Appeal from a judgment which, among other things, declares invalid so much of the building zone ordinance of the Town of Clarkstown as places "parcel 17", owned by respondent, in a "Residence 'A' District". Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. After a merger with the builder of a million-dollar plant to quarry

and produce crushed trap rock, respondent began operations in March, 1927, on a tract of approximately 240 acres situated on the southerly side of a State highway known as Short Clove Road. In September, 1927, respondent bought parcel 17, a tract of about 47 acres on the north side of said highway, with a house on it, for $11,000. The house was torn down and said parcel remained unused at least until 1939. In that year the Town of Clarkstown for the first time adopted a comprehensive building zone ordinance to provide for a planned and orderly development of the town. Thereby said parcel 17 and the quarry property were placed in a residence "A" district, wherein quarrying is prohibited, except as may be permitted by the board of appeals pursuant to an application by the owner for a certificate of occupancy. By an amendment, the quarry property only was placed in an industrial district, wherein quarrying is permitted. At the time said ordinance was adopted, about 100 houses, mostly of high quality, were in existence in the area. The terrain of parcel 17 is similar to that of other residential property in the vicinity. Upon all the proof in the record, we find that said parcel is suitable for residential purposes. In our opinion, at the time the ordinance was adopted, respondent had no vested right to quarry on parcel 17. It had neither made a substantial investment with a view towards quarrying on said parcel nor made any substantial use of said parcel for such purpose. (*Town of Somers* v. *Camarco*, 284 App. Div. 979, affd. 308 N. Y. 537; *People* v. *Miller*, 304 N. Y. 105; *People ex rel. Ortenberg* v. *Bales*, 224 App. Div. 87, affd. 250 N. Y. 598.) The ordinance is not unreasonable by virtue of its prohibition of the removal of rock from parcel 17 (*Town of Burlington* v. *Dunn*, 318 Mass. 216, certiorari denied 326 U. S. 739; *Seekonk* v. *McHale & Sons*, 325 Mass. 271, 274), especially since the board of appeals is empowered thereby to permit such removal. (*People* v. *Calvar Corp.*, 69 N. Y. S. 2d 272, affd. 286 N. Y. 419.) Moreover, since it does not appear that respondent applied for such permit, it is precluded from attacking the validity of the ordinance for such prohibition at this time. (*People* v. *Calvar Corp.*, supra; *Matter of Brous* v. *Smith*, 304 N. Y. 164, 171.) The zoning of parcel 17 in a residence "A" district is not unreasonable because aesthetic considerations were taken into account in the formulation of the comprehensive zoning plan (*Dowsey* v. *Village of Kensington*, 257 N. Y. 221; *Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288); and in view of the harm to the community inherent in the unlimited extension of such quarrying operations as respondent's, the fact that parcel 17 is worth considerably more for quarrying than for residential purposes does not invalidate the ordinance. (*Shepard* v. *Village of Skaneateles*, 300 N. Y. 115; *Ulmer Park Realty Co.* v. *City of New York*, 270 App. Div. 1044.) Finally, respondent has not met its burden of showing that the ordinance is invalid. (*Johnson* v. *City of New York*, 274 N. Y. 411; *Matter of Kings Co. Lighting Co.* v. *Maltbie*, 244 App. Div. 475, 478.) Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.