■    Town of Clarence, Appellant v. Suburban Trailer Sales, Inc., et al., Respondents.— Judgment unanimously reversed on the law and facts, with costs, and judgment granted in favor of plaintiff for the relief demanded in its complaint, with costs. Certain findings of fact disapproved and reversed and new findings made. Memorandum: In dismissing appellant's complaint in this action to enjoin respondent from using its premises for a trailer sales lot in violation of plaintiff's amended zoning ordinance the trial court erroneously decided that respondent had exercised a nonconforming use of its premises prior to the amendment and that the ordinance as amended is unconstitutional. When the notice of public hearing to consider the proposal to amend the ordinance was published on February 16, 1966, respondent had a contract to purchase the premises but had no right to possession thereof. Thereafter on February 23, 1966 with knowledge of the proposed amendment, it leased the premises for a term of one year and on February 28, 1966 moved two or three travel trailers onto the premises and erected a for sale sign thereon bearing respondent's name, address and telephone number. Two days thereafter, on March 2, 1966, the ordinance was amended to permit use of premises in a Commercial District " for a commercial garage, automobile or trailer sales agency * * * provided that the principal operations shall be conducted within a wholly enclosed building" and to further permit use of a trailer sales lot without a building as a special exception use when permitted by the Town Board. Respondent acquired no vested rights which exempted it from enforcement of the new ordinance. (Jayne Estate v. Raynor, 22 N Y 2d 417, 422, 423.) Respondent's maintenance of the trailer sales lot without conducting its principal operations within an

enclosed building and without having obtained a permit to use its premises as a trailer sales lot violated the amended ordinance. The amended ordinance is constitutional. It does not preclude trailer sales lots but permits use of property for that purpose either with or without a building. The Town Board in granting or withholding a special permit must exercise its authority reasonably and its action is subject to review in an article 78 proceeding. " A party who attacks a zoning ordinance as unconstitutional must show that the regulation is not justified under the police power by any reasonable interpretation of facts. * * * To sustain such an attack upon the validity of the ordinance, the aggrieved owner must show that on the facts known or reasonably assumed the enforcement of the ordinance will preclude the use of his property for any purpose to which it is reasonably adapted." (*Mary Chess, Inc.* v. *City of Glen Cove,* 18 N Y 2d 205, 209, 210.) The record here does not justify a finding that enforcement of the amended ordinance will preclude the use of respondent's property for any purpose to which it is reasonably adapted. (Appeal from judgment of Erie Trial Term in action for permanent injunction.) Present — Bastow, P. J., Williams, Del Vecchio, Witmer and Henry, JJ.