■ In the Matter of RALPH PAUKOVITS et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF BLOOMING GROVE et al., Respondents, and SARAH STEGENGA et al., Intervenors-Respondents.—In a proceeding

pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Blooming Grove, dated October 2, 1977, and made after a hearing, which found that the use of certain property by the intervening respondents as an automobile repair facility constituted a lawful nonconforming use, petitioners appeal from a judgment of the Supreme Court, Orange County, dated March 2, 1978, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, determination annulled, and certificate of nonconforming use vacated. The instant proceeding concerns an automobile repair facility situated on the Stegenga family farm in the Town of Blooming Grove. The property is zoned for residential and agricultural uses, and has been so zoned since 1953. However, in an undated determination, the town building inspector ruled that the repair facility constituted a valid, nonconforming use. Petitioners, who are town residents, sought review of the determination before the respondent zoning board of appeals (the zoning board). The testimony introduced at the hearing revealed that the repair facility was operated by the brothers John and William Stegenga. William Stegenga testified that he had been repairing automobiles there since 1955, at which time he was 15 years old. At first, the work was performed "as a hobby"; regular rates have been charged customers only over the last few years. Other local residents testified that John Stegenga, Sr., father of the present owners and now deceased, had from time to time performed automobile repair work at the same location, beginning in the late 1940's. Mr. Stegenga was a farmer by trade. The automobile work was done as a favor to friends and to help strangers whose cars had broken down. There was no evidence that Mr. Stegenga had ever charged for his services, although one of the witnesses stated that he had paid Stegenga, over the latter's protest. William Stegenga characterized his father's repair work as "a hobby" done to "break up the monotony of the farm." After the hearing, the zoning board held that the repair facility was a lawful nonconforming use which had been "operated continuously since in or about the year 1946". The determination was confirmed by Special Term. The judgment should be reversed and the determination annulled. A nonconforming use in existence at the time of the enactment of a zoning ordinance will be permitted to continue in cases where enforcement of the ordinance would cause substantial pecuniary or economic loss. A "hobby" cannot constitute a lawful, nonconforming use *(People v Miller,* 304 NY 105). In the instant proceeding, the uncontroverted evidence established that prior to the enactment of the ordinance, John Stegenga, Sr., had repaired automobiles as a hobby, and not for any pecuniary benefit. Therefore, a nonconforming use was not established. Damiani, J. P., Titone, Suozzi and Shapiro, JJ., concur.