■ In the Matter of GUY C. MURPHY et al., Respondents, v LESTER F. EASTMAN et al., Constituting the Zoning Board of Appeals of the Town of Northumberland, Appellants, and JERRY EMERY et al., Intervenors-Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Ford, J.), entered November 23, 1982 in Saratoga County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the Town of Northumberland, Saratoga County. Intervenors Jerry and Linda Emery acquired their property in the Town of Northumberland, Saratoga County, in 1975. Effective January 1, 1978, the town enacted a zoning ordinance which zoned the area encompassing the Emerys' land as an "R-2 Residential District", permitting only single-family residences, agricultural structures and professional offices incidental to residential use. The zoning ordinance authorized the continuation of nonconforming uses predating its enactment. In 1981, after they were refused a building and zoning permit to build an automotive repair garage on their premises, the Emerys applied to respondent town zoning board of appeals (the zoning board) for a determination that the truck repair business conducted on the property was a prior nonconforming use and for permission to erect a garage so that the repairs could be performed inside an enclosure rather than in their yard. The zoning board conducted a public hearing, following which it adopted a resolution finding the existence of a prior nonconforming use for certain motor vehicle repairs, denying an extension of such repairs on tractors and tractor trailers and granting an extension for the erection of the garage. Petitioners, the owners of adjoining premises, initiated this CPLR article 78 proceeding to review that determination. Special Term annulled it, based both on the inadequacy of the zoning board's findings and the insufficiency of the proof of a nonconforming use prior to the January 1, 1978 effective date of the ordinance. We agree with Special Term's decision in both respects. The landmark case establishing the criteria for exemption as a nonconforming use is *People v Miller* (304 NY 105), where the Court of Appeals held that: "In this state, then, existing nonconforming uses will be permitted to continue, despite the enactment of a prohibitory zoning ordinance, if, and only if, enforcement of the ordinance would, by rendering valueless substantial improvements or businesses built up over the years, cause serious financial harm to the property owner" (*id.,* at p 109). The *Miller* case dealt with a zoning ordinance containing no express exception for nonconforming uses and was decided on constitutional grounds. However, as local statutory land use regulation proliferated throughout the State, specific exemptions for existing uses became a standard feature of municipal zoning laws (1 Anderson, New York Zoning Law and Practice [2d ed], § 6.04, p 172). Because of the strong public policy and basic purpose of zoning laws to promote ultimate conformity in the various districts (the instant ordinance contains an express statement to that effect) and for the eventual elimination of nonconforming uses, the courts generally have restrictively interpreted provisions in local zoning laws dealing with nonconforming

use exceptions (*Matter of Off Shore Rest. Corp. v Linden*, 30 NY2d 160, 164; *City of Buffalo v Roadway Tr. Co.*, 303 NY 453, 462). In accordance with that restrictive judicial approach, the *Miller* requirement that the prior use must be substantial in order to be entitled to the exemption has been consistently applied, without distinction as to whether the particular ordinance contained any express provisions pertaining to existing uses (see, e.g., *Matter of Paukovits v Zoning Bd. of Appeals*, 67 AD2d 683, 684; *Town of Clarence v Suburban Trailer Sales*, 30 AD2d 1036, 1037; *New York Trap Rock Corp. v Town of Clarkstown*, 1 AD2d 890, 891, affd 3 NY2d 844, app dsmd 356 US 582; *Town of North Hempstead v Levitt & Sons*, 24 Misc 2d 393 [Meyer, J.], affd 13 AD2d 989).[*] We likewise apply the *Miller* standard here. Measured by that standard, we arrive at the same conclusions reached by Special Term. The findings by the zoning board do not in any way describe the nature or extent of the Emerys' repair activities prior to the enactment of the ordinance. In merely reciting that it arrived at its determination of a prior nonconforming use "from the application and after viewing the premises and neighborhood concerned", the zoning board failed to make the necessary findings for proper judicial review, and this alone would require annulment and remittal (*Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278, 283-284). Remittal is obviated here, however, because the evidence was clearly insufficient to establish the substantiality of the prior use required under the case law. Jerry Emery testified that he started doing repair work in the summer of 1977 while engaged full time as a truck driver and owner, and through the end of that year did at most only two welding jobs and the cleaning of "a couple of trailers". Only two such repair jobs, totaling $166 were documented in 1977, the major one of which was for a man who employed him as a truck driver. Both jobs were performed with tools Emery ordinarily used in connection with his regular full-time occupation. No new capital improvements or equipment were devoted to rendering the repairs. The record is thus absolutely clear that prior to January 1, 1978, the Emerys' financial stake in their new enterprise was entirely inconsequential, there having been no significant business developed nor investment made which was rendered valueless by enforcement of the new ordinance. Therefore, their automotive repair activity was not entitled to exemption as a prior nonconforming use (see *People v Miller, supra; Matter of Paukovits v Zoning Bd. of Appeals, supra; Town of Clarence v Suburban Trailer Sales, supra*). Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

[*] For like policy reasons, the courts have similarly restricted the power of local zoning boards to grant use variances (see *Matter of Village Bd. v Jarrold*, 53 NY2d 254, 258-260).