In the Matter of JOHN M. HRONCICH, Doing Business as ESTATE BROKERAGE, Petitioner, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, et al., Respondents.--

In July 1988, petitioner, a life insurance agent and broker licensed by the State of New York, was served with a citation charging "untrustworthiness and/or incompetency to act as an insurance broker and/or agent within the meaning of Insurance Law § 2110". Specifically, petitioner was alleged to have sold "memberships" in the American Motor Club, Inc. (AMC), an entity which was not licensed by the Insurance Department, in violation of Insurance Law §§ 1102 and 2117. The memberships, which petitioner sold from 1985 through 1987, purported to be insurance or an "insurance alternative" for automobile physical damage coverage equivalent to the collision, fire, theft and comprehensive coverages offered to automobile owners by licensed insurance companies.

On August 3, 1988, the return date specified in the citation,

petitioner failed to appear or to be represented by counsel. Sworn testimony was taken, documents were received in evidence, and a stenographic record of the proceedings was made. Later that month, petitioner made an application to vacate his default and reopen the hearing. This application was denied by Hearing Officer Siletti, who, on October 25, 1988, found that petitioner had neither demonstrated a meritorious defense nor established grounds warranting vacatur of the default.

In his findings of fact, conclusion and decision dated November 14, 1988, the Hearing Officer found that petitioner had committed the acts charged and that his conduct constituted violations of Insurance Law §§ 1102 and 2117. As a sanction, the Hearing Officer suspended all of petitioner's insurance licenses for at least 180 days. Concluding that section 109 of the Insurance Law provides for the imposition of a monetary penalty for violations of the Insurance Law as well as any nonmonetary penalty or forfeiture, the Hearing Officer also assessed a penalty of $500 per violation, which numbered 404 in all, "since no other *monetary* penalty is prescribed under the Insurance Law, and the discipline contemplated under § 2117 ($500 for each month in violation) is a fixed and mandatory *forfeiture,* as distinct from a penalty" (emphasis in original). Because there was no evidence of prior wrongdoing by petitioner, the Hearing Officer limited the monetary penalty to $67,333, one third the amount permitted under section 109. To this sum was added a "forfeiture" of $5,000, imposed under section 2117.

Upon examination of this record, we conclude that petitioner's participation in the sale of 404 AMC contracts is supported by substantial evidence and, accordingly, do not disturb this finding. *(See, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-180.) However, we agree with petitioner that the imposition of monetary sanctions under both section 109 and section 2117 was improper and, further, that Insurance Law § 2127 prohibits the imposition of monetary sanctions in addition to the sanction of license suspension.

In pertinent part, section 109 provides as follows:

"(a) Every violation of any provision of this chapter shall, unless the same constitutes a felony, be a misdemeanor.

"(b) Every penalty imposed by this section shall be in addition to any penalty or forfeiture otherwise provided by law.

"(c) (1) If the superintendent finds after notice and hearing that any authorized insurer, representative of such insurer, licensed insurance agent, licensed insurance broker or licensed adjuster has wilfully violated the provisions of this chapter, he may order such insurer, representative, agent, broker, or adjuster, as the case may be, to pay to the people of this state a penalty in a sum not exceeding five hundred dollars for each such offense. * * *

"(3) *No penalty shall be imposed pursuant to this subsection if a monetary penalty is otherwise provided in this chapter.*" (Emphasis added.)

Thus, under section 109 (c) (3), only one monetary penalty may be imposed pursuant to the provisions of the Insurance Law. In light of this proscription, it is clear that section 109 (b) permits the aggregation of monetary penalties only when they are imposed pursuant to another chapter, such as the Penal Law. *(See,* Insurance Law § 109 [a].) For this reason, the imposition of a monetary penalty under both Insurance Law §§ 109 and 2117 was improper.*

Finally, we find it quite clear that Insurance Law § 2127, entitled "Penalties for violations", provides that the sanction of revocation or suspension is to be considered as an *alternative* to monetary sanctions: "(a) The superintendent, *in lieu of revoking or suspending the license of a licensee* in accordance with the provisions of this article, may in any one proceeding by order, require the licensee to pay to the people of this state a penalty in a sum not exceeding five hundred dollars for each offense, *and* a penalty in a sum not exceeding twenty-five hundred dollars in the aggregate for all offenses." (Emphasis added.)

This section does not, however, limit the monetary penalty to $2,500 for all violations, as petitioner argues. Rather, the use of the conjunction "and" in the statute permits a penalty of up to $2,500 *in addition* to the penalty of up to $500 for each offense. *(See,* 56 NY Jur, Statutes, § 149.) Concur—Murphy, P. J., Carro, Kassal and Rosenberger, JJ.

---

* In this context, we reject respondents' attempt to distinguish a "penalty" from a "forfeiture" *(see,* 60 NY Jur 2d, Forfeitures and Penalties, § 1) and likewise interpret the language found in Insurance Law § 2117 to refer to New York laws other than the Insurance Law.