■ In the Matter of I.H. GREENWALD ASSOCIATES, INC., et al., Petitioners, v WENDY COOPER, as Acting Superintendent of Insurance of the State of New York, et al., Respondents.— Determination of the respondent Superintendent of Insurance dated December 19, 1989, which revoked petitioners' insurance broker's licenses and imposed monetary sanctions totalling $117,000, is unanimously modified on the law, the CPLR article 78 petition (transferred to this Court by Order of the Supreme Court, New York County [Norman Ryp, J.], entered on or about May 30, 1990) is granted to the extent of annulling, on the law, the penalty imposed and remanding the matter for reconsideration of the penalty and the determination is otherwise confirmed, without costs.

There is no merit to petitioners' contention that they were deprived of due process when respondents proceeded in petitioners' absence, with the scheduled hearing. General Counsel for the insurance department notified petitioners' counsel, by letter, of the date of the scheduled hearing and, further, instructed petitioners' counsel, with reference to specific insurance department regulations, that any request for an adjournment of the hearing would have to be made to the Hearing Officer on the date of the hearing. We note that General Counsel's refusal to consent to an adjournment was rationally based on such factors as, *inter alia,* petitioners' failure to appear at prior scheduled depositions and their failure to comply with requests for document production. Further, an adjournment might have given rise to a jurisdictional defense, since the license of one of the petitioners was due to expire the day following the scheduled hearing date. While petitioners' counsel claims that it was engaged in a Federal court proceeding on the same date as the scheduled hearing, no affidavit was submitted attesting to this fact as required by the department's procedural regulations. Further, it is noted that while the department's procedural regulations permit a party who has failed to appear at a hearing to make an application to reopen such hearing, petitioners never availed themselves of this remedy. On this record, we can find no due process violation as petitioners were given reasonable notice of the scheduled hearing and failed to take appropriate available action to protect their interests *(see, Tall v Town of Cortlandt,* 709 F Supp 401).

Insofar as petitioners assert an equal protection violation, we find such claim to be meritless in view of petitioners' failure to set forth any facts to support their conclusory claim of discrimination or unfair treatment by respondents.

Finally, the imposition of a penalty which combines license revocation with monetary sanctions was improper in that the two types of penalties are to be treated as alternative penalties *(see,* Insurance Law § 2127; *Matter of Hroncich v Corcoran,* 158 AD2d 274). The matter is therefore remanded for the sole purpose of determining the penalty to be imposed. Concur—Carro, J. P., Wallach, Ross, Kassal and Rubin, JJ.