■ In the Matter of CLARKSON REALTY HOLDING CORP., Appellant, v RICHARD I. SCHEYER, as Chairman of the Board of Zoning Appeals of the Town of Islip, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated September 13, 1988, granting the petitioner's application to establish a legal nonconforming use for the parking of certain vehicles on the petitioner's commercial premises only to the extent of permitting the parking of no more than three vehicles on the property, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated August 7, 1989, which denied the petition.

Ordered that the judgment is affirmed, with costs.

In July 1982 the petitioner commenced the operation of a moving and storage business on a parcel of land located in Islip, New York. In October 1982 the Town of Islip adopted an ordinance which required, in relevant part, businesses which primarily involved the outdoor parking of vehicles, including moving vans, to obtain special permits from the Town Board *(see,* Islip Town Code § 68-340 [H]). In 1986 an application by the petitioner's operating corporation, A-1 Family Moving and Storage, for a special permit for outdoor storage of trucks on its premises, was denied. That determination is not before us for review.

Thereafter, in April 1988 the petitioner applied to the Zoning Board of Appeals of the Town of Islip (hereinafter the Board) pursuant to Islip Town Code §§ 68-15 and 68-17 (D), to establish a legal nonconforming use for "parking of moving vans, tractor trailers and trucks used in the operation of the business on the premises". At the public hearing held on this application, several residents from the neighborhood testified that the petitioner's business had increased from parking two or three trucks on the premises in 1982 to parking five or six trucks there in 1988. The petitioner's attorney testified that the business owned six moving vans in 1982 and that it still owned and parked six vans on the property in 1988. On September 13, 1988, the Board found, based upon the evidence, that the petitioner had only established a legal nonconforming use for the parking of no more than three vehicles on its premises.

The petitioner commenced the instant proceeding challenging that determination and the Supreme Court denied the petition.

The rule is well established that judicial review of a zoning board determination is limited and that the board's decision must be upheld if it has a rational basis and is supported by substantial evidence (see, *Matter of Perger v Zoning Bd. of Appeals*, 146 AD2d 698). In this case, substantial evidence was presented at the hearing to establish that in 1982, the petitioner parked two or three trucks on the premises. Subsequent to the adoption of the 1982 ordinance, the petitioner expanded its use of the parking facilities to six trucks. Such an expanded use constituted a prohibited "change" or "extension" of the existing nonconforming use (see, *Matter of Cave v Zoning Bd. of Appeals*, 49 AD2d 228; see also, Islip Town Code §§ 68-15, 68-17). Thus, the Board's decision to limit the petitioner's nonconforming use to three vehicles has a rational basis and is supported by substantial evidence. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.