■ In the Matter of RICHARD S. FOX et al., Petitioners, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Insurance, dated December 16, 1988, which, after a hearing, suspended the petitioners' license to sell insurance for a period of not less than one year and directed them to pay "as penalty and forfeit", the sum of $269,750 pursuant to Insurance Law §§ 109 and 2117.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the penalty imposed is annulled, the determination is otherwise confirmed, and the matter is remitted to the respondent New York State Department of Insurance for the imposition of a new penalty in accordance herewith.

The record contains substantial evidence supporting the determination that the petitioners violated Insurance Law § 2117 by promoting and participating in the sale of 1,039 memberships in the American Motor Club (hereinafter AMC), an entity which was not licensed by the New York State Department of Insurance. Accordingly, we do not disturb this finding (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179, 180).

The respondents imposed a monetary penalty of $269,750, which included a penalty of $259,750, pursuant to Insurance Law § 109 (which was one-half of the maximum permissible penalty under that statute, i.e., $519,500 [$500 for each of 1,039 offenses]) plus $10,000 pursuant to Insurance Law § 2117

($500 for each month that the violation continued, which in this case was 20 months). However, we agree with the petitioners that the imposition of monetary sanctions under both Insurance Law §§ 109 and 2117 was improper (see, Matter of Hroncich v Corcoran, 158 AD2d 274, 275). The respondents also suspended the petitioners' licenses for a period of one year. Although Insurance Law § 2127 allows the sanction of a license suspension, the sanction of revocation or suspension is to be considered as an alternative to monetary sanctions. However, we note that Insurance Law § 2127 does permit a monetary sanction of $2,500 in addition to the penalty of up to $500 for each violation (Matter of Hroncich v Corcoran, supra). Accordingly, the matter is remitted to the respondents for the imposition of a new penalty. Mangano, P. J., Bracken, Sullivan and Miller, JJ., concur.