■ In the Matter of JOHN M. HRONCICH, Doing Business as ESTATE BROKERAGE, Appellant, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, et al., Respondents.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.) entered August 15, 1990, which denied petitioner's application to vacate respondent's determination, on remand, dated February 27, 1990, imposing a penalty in the sum of $67,330 pursuant to Insurance Law § 2127, is unanimously affirmed, without costs.

On a prior appeal (158 AD2d 274) we confirmed that portion of respondent's determination as found that petitioner participated in the sale of several hundred contracts in an entity not licensed by the Insurance Department, in violation of Insurance Law §§ 1102 and 2117, but remanded to respondent for the reimposition of sanctions on the ground that the imposition of monetary sanctions under both Insurance Law §§ 109 and 2117 was improper and, further, that Insurance Law § 2127 prohibits the imposition of monetary sanctions in addition to the sanction of license suspension. On remand, respondent, in lieu of revocation or suspension, imposed a monetary penalty in the sum of $67,333, pursuant to Insurance Law § 2127. Petitioner challenges the imposition of this penalty as violative of due process, and beyond the authority granted respondent in the order of remand. These arguments are without merit. Since section 2127 is not substantive, but pertains solely to the imposition of penalties, the citation issued to petitioner need not have given him notice of its application. Further, this court's prior order implicitly contemplated respondent's reliance on section 2127 for the purpose of imposing a monetary penalty for the violations, provided it was considered as an alternative to the sanction of suspension or revocation. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.