■ In the Matter of ROBERT SMITH et al., Respondents, v BOARD OF APPEALS OF THE TOWN OF ISLIP et al., Appellants. (Proceeding No. 1.) In the Matter of EDWARD MOONEY et al., Appellants, v BOARD OF APPEALS OF THE TOWN OF ISLIP et al., Respondents. (Proceeding No. 2.) [609 NYS2d 912] —In two consolidated proceedings pursuant to CPLR article 78, *inter alia,* to review a determination of the Board of Appeals of the Town of Islip, dated March 19, 1991, which approved the continued nonconforming use of certain property as a boat docking and storage facility, but limited to six the number of boats which could be docked and stored upon the property, (1) the Board of Appeals of the Town of Islip and its members, appeal, in Proceeding No. 1, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Friedenberg, J.), dated July 23, 1991, as, *inter alia,* annulled the determination in part and remitted Proceeding No. 1 to the Board of Appeals for a new determination as to the number of boats which could be stored upon the property and the area of the property which could be used for such storage; and (2) the petitioners in Proceeding No. 2 appeal from so much of the same order, as, *inter alia,* dismissed their petition in Proceeding No. 2.

Ordered that on the Court's own motion, the notice of appeal of the Board of Appeals and its members is treated as an application for leave to appeal from that part of the order which annulled the determination in part and remitted cer-

tain issues in Proceeding No. 1 to the Board of Appeals, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which remitted Proceeding No. 1 to the Board of Appeals for a determination as to the area of the subject property which can be used for boat storage, and substituting therefor a provision remitting Proceeding No. 1 to the Board of Appeals for a determination as to the number of boats which were stored upon the property prior to 1956; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This appeal concerns two proceedings to review a determination of the Board of Appeals of the Town of Islip (hereinafter "the Board"), approving the continuance of a prior existing nonconforming business use of waterfront property in the Town of Islip, namely, the mooring in the water and storing on the shore of boats in what is now a mostly residential neighborhood. The petitioners in the first proceeding, Robert and Sharon Smith, are the owners of the waterfront property who sought and received authorization to continue that business use. The petitioners in the second proceeding, Edward and Vickie Mooney, are the owners of a lot adjacent to the Smiths who opposed the continuance, arguing that the Smiths' business constituted a nuisance.

It is undisputed that, prior to a 1956 zoning law change, the use of the Smiths' property as a boat docking and storage facility was not prohibited. Further, it is also undisputed that if such a prior nonconforming use was continued without more than one year's interruption, and without impermissible expansion, the nonconforming use could be continued as of right (see, Islip Town Code §§ 68-14, 68-15). Accordingly, the central issues are whether the current nonconforming use of the property was in existence prior to the 1956 zoning law change and whether the Smiths' current operations impermissibly expanded or changed the pre-1956 nonconforming use.

Our review of the Board's determination is limited to whether that determination has a rational basis and is supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Fox v Corcoran, 172 AD2d 523). This Court may not substitute its discretion for that of the Board unless its determination is arbitrary or contrary to law (see, Matter of Brucia v Planning Bd., 157 AD2d 657).

On the record before this Court, the Board's determination

that the current use of the premises as a mooring dock and boat storage facility constituted a continuation of a prior existing nonconforming use has a rational basis and is supported by substantial evidence *(see, Matter of Fuhst v Foley, supra; Matter of Fox v Corcoran, supra).* Unlike the case of *Matter of Paukovits v Zoning Bd. of Appeals* (67 AD2d 683), upon which the Mooneys rely and which concerned a prior use of certain property to carry on a hobby, here the prior use of the subject property was clearly for a business. Thus, the Smiths demonstrated that they would suffer a pecuniary loss if the prior nonconforming use was extinguished *(see, People v Miller,* 304 NY 105). However, the portion of the Board's determination which limited to six the number of boats which could be moored in the water and stored on shore was arbitrary. Although a right to continue a nonconforming use does not include the right to extend or enlarge such a use *(see, Garcia v Holze,* 94 AD2d 759; 1 Anderson, New York Zoning Law and Practice, § 6.32, at 258 [3d ed]), a mere increase in the volume or intensity of the use, without a concurrent variation or alteration of the specific type of use, is not, per se, an impermissible extension or enlargement of that use *(see, e.g., People v Perkins,* 282 NY 329; *Matter of Allen v Hattrick,* 87 AD2d 575; *Gilmore v Beyer,* 46 AD2d 208; *Town of Oyster Bay v Avalon Yacht & Cabanna Club,* 38 AD2d 604; 1 Anderson, New York Zoning Law and Practice, § 6.33, at 259-260 [3d ed]). However, the courts, in keeping with the sound public policy of eventually extinguishing all nonconforming uses of property, will enforce municipal ordinances which restrict a landowner's ability to expand or intensify a prior existing nonconforming use *(see, Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160; *Matter of Syracuse Aggregate Corp. v Weise,* 72 AD2d 254, *affd* 51 NY2d 278).

Pursuant to Islip Town Code § 68-17, extension or enlargement of a prior existing nonconforming use is limited, and available only upon proper application *(see, Matter of Clarkson Realty Holding Corp. v Scheyer,* 172 AD2d 521). The Smiths made no such application and thus they are limited in the use of their property to the extent of the prior existing nonconforming use *(see, Matter of Clarkson Realty Holding Corp. v Scheyer, supra).*

In connection with the number of boats which could be moored at the property, the only evidence in the record reveals that prior to 1956 eight boats had been moored there. The testimony and documentary evidence relied on by the Board to determine that prior to 1956 only six boats were

moored at the subject property, concerned the post-1956 use of the property. Accordingly, the Board's decision was not supported by substantial evidence and the Supreme Court correctly determined that eight boats could be moored at the subject property.

The record is devoid of any evidence as to the number of boats stored upon the subject property prior to 1956, as opposed to the number moored on adjacent waters. Thus, the Board's determination allowing for the storage of only six boats was necessarily arbitrary. Therefore, the Supreme Court properly remitted this issue to the Board for the taking of further evidence. We note, however, that the Supreme Court remitted this issue to the Board for a determination as to both the number of boats currently being stored on the subject property and a determination as to the area of the subject property currently being used for boat storage. We infer from this instruction that the court was incorporating into its order the standard found in Islip Town Code § 68-17, which limits the extension of a prior existing nonconforming use of property to 25% of the property's area. As previously noted, expansion pursuant to this section is only permitted upon proper application to the Board and, the Smiths never applied to expand the area of their property used for boat storage. Thus, the Board is only obliged to determine the number of boats which were stored on the subject property prior to 1956.

The Mooneys argue that a variety of factors render the Smiths' use of the subject property a nuisance and that the Board impermissibly failed to exercise its discretion to place conditions upon such use. However, the remedy the Mooneys sought in their CPLR article 78 proceeding, which sounded in mandamus to compel, is not available on the facts at bar *(see, Matter of Young v Town of Huntington,* 121 AD2d 641).

We have reviewed the Mooneys' remaining contention and find that it is without merit *(see, Chinatown Apts. v New York City Tr. Auth.,* 100 AD2d 824; *Marshall v Monegro Investors,* 132 AD2d 651). Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.