■ TOWN OF BEDFORD, Respondent-Appellant, v NELSON PELTZ et al., Appellants-Respondents. TOWN OF NORTH CASTLE, Intervenor. [727 NYS2d 119] —In an action, *inter alia,* for a judgment declaring that the defendants' use of their property for an aircraft takeoff and landing area is in violation of stated

provisions of the Zoning Ordinance of the Town of Bedford and General Business Law § 249 (3), and for a permanent injunction prohibiting the defendants from using their property for the takeoff or landing of aircraft, the defendants appeal, as limited by their brief and the parties' stipulation, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated March 14, 2000, as, upon reargument, adhered to so much of an order of the same court, dated June 23, 1999, as denied those branches of the plaintiff's motion which were for summary judgment on its causes of action concerning that portion of the property which the defendants acquired in 1986, and the plaintiff cross-appeals, as limited by its brief and the parties' stipulation, from so much of the same order as, upon reargument, adhered to so much of the order dated June 23, 1999, as denied those branches of its motion which were for summary judgment on its causes of action concerning that portion of the property which the defendants acquired in 1986.

Ordered that the appeal is dismissed, without costs or disbursements, as the defendants are not aggrieved by the portion of the order dated March 14, 2000, appealed from (see, CPLR 5511); and it is further,

Ordered that the order dated March 14, 2000, is reversed insofar as cross-appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on its causes of action concerning that portion of the property which the defendants acquired in 1986 are granted, so much of the order dated June 23, 1999, as denied those branches of the plaintiff's motion is vacated, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendants' use of their property for the take off and landing of aircraft is prohibited by, *inter alia*, General Business Law § 249 and Zoning Ordinance of the Town of Bedford § 125-29.1, and that the defendants have not demonstrated a pre-existing nonconforming use excepting their property from this ordinance.

Since the defendants appealed from the portion of the order dated March 14, 2000, which adhered to so much of the order dated June 23, 1999, as denied relief sought by the plaintiff, the defendants are not aggrieved thereby (see, CPLR 5511; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465).

In any event, the plaintiff demonstrated, as a matter of law, that the relevant prohibitions in its zoning ordinances, dating back at least to 1935, have generally prohibited the use of real property within the Town of Bedford for the takeoff or landing of aircraft. The defendants failed to prove the existence of any

triable issue of fact as to whether the sporadic recreational airplane flights from the subject property piloted by DeWitt Wallace, their predecessor in interest, created a pre-existing nonconforming use permitting the defendants to continue their frequent and far more intrusive commutation via helicopter.

Nonconforming uses are detrimental to the zoning scheme, and public policy supports their restriction and eventual elimination. "While nonconforming uses are generally permitted to continue, they may not be enlarged as a matter of right" (*Matter of Steiner Fellowship Found. v De Luccia,* 90 NY2d 453, 458). Clearly, the defendants' commutation via helicopter is a significant, impermissible enlargement of the late Mr. Wallace's recreational airplane use.

Moreover, it is well established that "[f]air and intelligent land use planning tolerates nonconforming uses partly because property owners would otherwise suffer undue financial hardship if precipitously faced with discontinuance of an existing nonconforming use and loss of investment due to rezoning" (*Matter of Pelham Esplanade v Board of Trustees,* 77 NY2d 66, 70). The financial component is of critical importance for "existing non-conforming uses will be permitted to continue, despite the enactment of a prohibitory zoning ordinance, if, and only if, enforcement of the ordinance would, by rendering valueless substantial improvements or businesses built up over the years, cause serious financial harm to the property owner. This rule, with its emphasis upon pecuniary and economic loss, is clearly inapplicable to a purely incidental use of property for recreational or amusement purposes only" (*People v Miller,* 304 NY 105, 109). While the defendants' helicopter commutation is more than a mere recreational use, Mr. Wallace's use of the property for takeoffs and landings was predominantly recreational and thus could not give rise to a legitimate pre-existing nonconforming use (*see, People v Miller, supra*; *Matter of Murphy v Eastman,* 99 AD2d 885). Therefore, the defendants cannot establish the existence of a pre-existing nonconforming use excepting their property from the prohibitory provisions of the Zoning Ordinance or General Business Law § 249. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.