Matter of Buffalo Bail Bonds Agency Inc. v Vullo (2020 NY Slip Op 02022)





Matter of Buffalo Bail Bonds Agency Inc. v Vullo


2020 NY Slip Op 02022


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1256 TP 19-01064

[*1]IN THE MATTER OF BUFFALO BAIL BONDS AGENCY INC., AND GEORGE ADU-GYAMFI, AS SUBLICENSEE, PETITIONERS,
v
MARIA T. VULLO, AS SUPERINTENDENT OF DEPARTMENT OF FINANCIAL SERVICES, AN AGENCY OF STATE OF NEW YORK, RESPONDENT.






ANTHONY L. PENDERGRASS, BUFFALO, FOR PETITIONERS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DUSTIN J. BROCKNER OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [James H. Dillon, J.], entered March 28, 2017) to review a determination of respondent. The determination found, inter alia, that petitioners had committed various statutory and regulatory violations. 
It is hereby ORDERED that the determination is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding petitioners guilty of charge 1, specification A and vacating the penalty imposed thereon, and as modified the determination is confirmed without costs and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioners commenced this CPLR article 78 proceeding seeking review of a determination revoking their license to do business as a bail bonds agency, unless they paid a penalty of $11,450, based on findings that petitioners committed various statutory and regulatory violations. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).
Contrary to petitioners' contention, we conclude that there is substantial evidence supporting the determination with respect to charge 1, specification C, which alleges that, from August 2011 through November 2012, petitioners violated Insurance Law § 2324 by allowing persons to delay paying part of their premium for the posting of a bail bond (see generally CPLR 7803 [4]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of B.P. Global Funds, Inc. v New York State Liq. Auth., 169 AD3d 1506, 1506-1507 [4th Dept 2019]). Contrary to petitioners' further contentions, there is also substantial evidence supporting the determination with respect to charge 1, specification D, which alleges that petitioners violated CPL 520.20 (4) by submitting 21 bail affidavits from April through November 2012 that contained untrue information regarding the premiums paid by petitioners' bail clients, and with respect to charge 1, specification E, which alleges that petitioners violated 11 NYCRR 28.2 by failing to follow proper receipt-issuing procedures (see generally CPLR 7803 [4]; Pell, 34 NY2d at 231; B.P. Global Funds, 169 AD3d at 1506). Respondent's " rational construction' " of the relevant statutes and regulation is entitled to deference (Matter of Wind Power Ethics Group [WPEG] v Zoning Bd. of Appeals of Town of Cape Vincent, 60 AD3d 1282, 1283 [4th Dept 2009], quoting Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 102 [1997]), and we conclude that respondent's construction of the statutes and regulation "is neither irrational nor unreasonable" (id.).
Petitioners contend that the fines imposed by respondent exceeded the statutory limits set [*2]forth in Insurance Law § 2127 (a). We reject that contention. Insurance Law § 2127 (a) provides that respondent may impose "a penalty in a sum not exceeding five hundred dollars for each offense, and a penalty in a sum not exceeding twenty-five hundred dollars in the aggregate for all offenses" (emphasis added), and similar language is used in Insurance Law § 6802 (l). Thus, contrary to petitioners' contention, respondent is not limited to imposing a total of $2,500 in penalties for all violations. Rather, "the use of the conjunction and' in the statute[s] permits a penalty of up to $2,500 in addition to the penalty of up to $500 for each offense" (Matter of Hroncich v Corcoran, 158 AD2d 274, 276 [1st Dept 1990]; see Matter of Fox v Corcoran, 172 AD2d 523, 524 [2d Dept 1991]).
Respondent correctly concedes that the determination with respect to charge 1, specification A, which alleges that petitioners violated 18 USC § 1033 (e) (1) (A) and (B) by willfully permitting a person previously convicted of a felony involving dishonesty to participate in their bail bond business without respondent's written consent, must be annulled in light of the decision of the United States Supreme Court in Rehaif v United States (— US &mdash, 139 S Ct 2191 [2019]). Under Rehaif, in order to determine that petitioners violated 18 USC § 1033 (e) (1) (A) and (B) and were therefore guilty of charge 1, specification A, respondent was required to determine that petitioners had knowledge that the subject person had been convicted of a felony involving dishonesty (see Rehaif, — US at &mdash, 139 S Ct at 2195-2196). Here, however, respondent determined only that petitioners had knowingly employed the subject person, and respondent did not make a determination whether petitioners knew that the subject person had been convicted of a felony involving dishonesty. We therefore modify the determination and grant the petition in part by annulling that part of the determination finding petitioners guilty of charge 1, specification A and vacating the penalty imposed thereon, and we remit the matter to respondent to redetermine charge 1, specification A, in light of the standard set forth in Rehaif (see generally Lihs Beverages v New York State Liq. Auth., 202 AD2d 1050, 1050 [4th Dept 1994]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court