■ In the Matter of LOUISE MARCELLO, Respondent, v BRUCE E. HUMENIK et al., Appellants. [635 NYS2d 676] —In a proceeding pursuant to CPLR article 78 to review a determination by the Zoning Board of Appeals of the Village of Babylon, dated March 9, 1993, which, after a hearing, denied the petitioner's application for a variance to legalize the enlargement of a shed on her property for the housing of pigeons and a special use permit to raise pigeons for show, the appeal is from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), dated May 31, 1994, which annulled the determination denying the petitioner's application and directed the Zoning Board of Appeals of the Village of Babylon to grant the petitioner's application subject to specific conditions.

Ordered that the judgment is affirmed, with costs.

The record does not contain any evidence to support the determination of the Zoning Board of Appeals of the Village of Babylon (hereinafter the Zoning Board) that the housing and raising of pigeons for show would cause property values to decline or would conflict with area zoning, particularly in view of the voluntary acceptance of certain conditions by the petitioner's husband, such as limiting the number of pigeons he kept to 50 and moving the shed used to house the pigeons so that it would not be less than eight feet from the property line.

The lack of evidence to support the findings of the Zoning Board is not salvaged by its contention that the findings were, in part, based upon the personal knowledge of its members as presented in their affidavits and the testimony of neighbors at the hearing. The affidavits and testimony consisted of either conclusory statements or generalized and ambiguous objections and concerns without supporting facts *(see, e.g., Matter of C & B Realty Co. v Town Bd.,* 139 AD2d 510, 511).

We note that the court gave the Zoning Board a substantial opportunity to provide factual support for its determination when the court directed it to make further inquiry with regard to 10 specific issues. As the court accurately concluded, the Zoning Board made "no real effort" to address these issues or to make any findings of fact. Rather, the Zoning Board provided only conclusory opinions and excuses for its failures. Consequently, the court correctly ruled that the Zoning Board's denial of the petitioner's application lacked support in the record and showed "arbitrariness and an abuse of discretion" *(cf., Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). Ritter, J. P., Altman, Friedmann and Florio, JJ., concur.