■ In the Matter of BARBARA O'NEILL, Appellant, v BOARD OF ZONING APPEALS OF THE TOWN OF HARRISON, Respondent.
[639 NYS2d 961]

The petitioner, Barbara O'Neill, owns two substandard back-to-back lots in the Town of Harrison, New York. The front lot is improved by a one-family dwelling; the rear lot is improved by a swimming pool. In December 1993, O'Neill applied for several area variances which would allow her to subdivide her property and improve the rear lot with a one-family dwelling. The Board of Zoning Appeals of the Town of Harrison (hereinafter the ZBA) denied her request, finding, among other things, (1) that approving the application would undermine the purpose of the applicable zoning ordinance, and (2) that the detriment to the community which would be caused by granting the application would outweigh the potential benefit to O'Neill.

O'Neill then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. The Supreme Court, Westchester County, held, in relevant part, that the ZBA had acted within its authority and that O'Neill had failed to present sufficient evidence to sustain her application. We affirm.

In considering O'Neill's application, the ZBA properly applied the balancing test prescribed by Town Law § 267-b (3) (b). The ZBA made findings against O'Neill with respect to each of the five factors enumerated in the statute and then concluded that the potential detriment to the community outweighed the

potential benefit to O'Neill. In so doing, the ZBA applied the correct legal standard under the statute (*see, Matter of Sasso v Osgood,* 86 NY2d 374, 384-386; *Matter of Apostolic Holiness Church v Zoning Bd. of Appeals,* 220 AD2d 740).

With respect to the ZBA's factual findings, it is well settled that judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion (*see, Matter of Fuhst v Foley,* 45 NY2d 441). Since the ZBA's factual findings had a rational basis in the record and were supported by substantial evidence, the determination was properly allowed to stand (*see, Matter of Fuhst v Foley, supra*).

We have considered O'Neill's remaining contentions and find them to be without merit. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.