■ In the Matter of LYNDA FRANK, Appellant, v RICHARD SCHEYER et al., Respondents. [642 NYS2d 956] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip, dated April 19, 1994, which, after a hearing, denied the petitioner two area variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated January 4, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the application is granted.

The petitioner owns a 19,983 square-foot lot in the Town of Islip. She sought permission from the New York State Department of Environmental Conservation (hereinafter NYSDEC) to construct a single-family home on this property which is located in a wetland district. In the interim, in 1989, the Town of Islip enacted its own wetland overlay district which also covered the subject property. The Town of Islip Zoning Ordinance § 68-485 provides for a minimum of one-acre residential zoning. After securing a building permit from the NYSDEC, the petitioner sought an area variance from the Town to allow the construction on this substandard lot. We note that the area of the subject lot was legal at the time of the purchase and is approximately 50% larger than the surrounding lots.

The Zoning Board of Appeals of the Town of Islip (hereinafter the Zoning Board), on its own motion, amended the application to include an application for a second variance, a frontage variance. In so doing, the Zoning Board removed the petitioner's property from the so-called "single and separate" ownership exception of the ordinance which allows a single area variance as of right (see, Matter of Kransteuber v Scheyer, 176 AD2d 724). The Zoning Board ultimately denied the petitioner's application, finding that the benefit to the petitioner was outweighed by the detriment to the community. The Supreme Court confirmed the determination, and we now reverse.

The Zoning Board's determination that the subject property did not lie on a sufficiently curved road so as to place the property within the ambit of a frontage exception is disingenuous. In any event, the Zoning Board's denial of the area variance was arbitrary and capricious, and was not supported by substantial evidence (see, Matter of Lahey v Kelly, 71 NY2d

135; *Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Smith v Board of Appeals,* 202 AD2d 674).

In *Matter of Sasso v Osgood* (86 NY2d 374) the Court of Appeals explained that although an area variance could be granted upon a showing of "significant economic injury" such a showing was not required *(Matter of Sasso v Osgood, supra).* "Town Law § 267-b (3) (b) requires the Zoning Board to engage in a balancing test, weighing 'the benefit to the applicant' against 'the detriment to the health, safety and welfare of the neighborhood or community' if the area variance is granted, and that an applicant need not show 'practical difficulties' as that test was formerly applied" *(Matter of Sasso v Osgood, supra,* at 384).

While community residents and Zoning Board members argued that the proposed construction would affect flooding, property values, and the aesthetic quality of the community, these arguments were based on pure conjecture and speculation. No evidence was offered that the construction would cause environmental problems. Quite the contrary, the petitioner presented the building permit prepared by NYSDEC, which authorized the construction under strict guidelines. The Zoning Board's finding "from a purely zoning point of view that [the conditions imposed by NYSDEC are] extremely unrealistic conditions" reflect environmental concerns, not zoning concerns, and those matters were fully addressed by NYSDEC. Accordingly, we find that the Zoning Board's determination was not supported by substantial evidence and that the benefit to the petitioner outweighed the detriment to the health, safety, and welfare of the community *(see,* Town Law § 267-b [3] [b]; *see, e.g., Matter of Fuhst v Foley, supra,* at 444-445; *Matter of Marcello v Humenick,* 222 AD2d 677; *Cange v Scheyer,* 146 AD2d 594; *Matter of Lanzilotta & Teramo Dev. Corp. v Lazarus,* 127 AD2d 767; *Matter of Freese v Levitan,* 117 AD2d 805).

In light of our determination, it is unnecessary to reach the petitioner's remaining argument. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.