In the Matter of ANDREW G. TARANTINO, JR., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF BROOKHAVEN et al., Respondents. [644 NYS2d 296]

Dorothy Warner sought to subdivide an oversized parcel of land which she owns in a residential zone in Coram. This parcel is essentially landlocked, except for a so-called "panhandle" strip of land which extends from the subject parcel through two others, connecting the parcel to the main road. Warner was entitled, as of right, to construct a paved road through the panhandle leading to the proposed subdivisions. Had she performed this construction, the proposed subdivisions would have complied with the local zoning ordinance. However, because of the detrimental environmental impact and the increased cost of constructing this paved road, Warner sought an area variance to subdivide the panhandle into three strips, one connecting to each of the proposed subdivisions of the parcel. She planned to grant mutual covenants between each parcel to allow common use of a dirt and rock driveway across the panhandle leading to all three parcels. The Zoning Board

of Appeals granted the variance, and the petitioner commenced this proceeding pursuant to CPLR article 78 challenging the determination on several grounds, including that it was not supported by substantial evidence.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Smith v Board of Appeals, 202 AD2d 674). To annul an administrative determination made after a hearing, the court must conclude that the determination was not supported by substantial evidence on the record when read as a whole (see, Matter of Lahey v Kelly, 71 NY2d 135). In Matter of Sasso v Osgood (86 NY2d 374), the Court of Appeals explained that a demonstration of "practical difficulties" is not required in granting an area variance and that a showing of "significant economic injury" is not required. Rather, "Town Law § 267-b (3) (b) requires the Zoning Board to engage in a balancing test, weighing 'the benefit to the applicant' against 'the detriment to the health, safety and welfare of the neighborhood or community' if the area variance is granted" (Matter of Sasso v Osgood, supra, at 384). The record demonstrates that the proposed area variance would not result in an undesirable change in the character of the neighborhood, that this was the most feasible alternative for subdividing the property, that there would be no adverse effect on the physical or environmental conditions of the neighborhood, and that the hardship was not self-created (see, Town Law § 267-b [2] [b] [4]).

The petitioner's remaining contentions are without merit. Rosenblatt, J. P., Thompson, Pizzuto and Hart, JJ., concur.