■ In the Matter of HAMPSHIRE MANAGEMENT COMPANY, Respondent, v ROBERT B. NADEL et al., Appellants. [660 NYS2d 64] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Greenburgh, dated February 22, 1996, which

denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered July 9, 1996, which granted the petition, annulled the determination, and granted the petitioner an area variance.

Ordered that the judgment is affirmed, without costs or disbursements.

The denial by the Zoning Board of Appeals of the Town of Greenburgh (hereinafter the Zoning Board) of the petitioner's application for an area variance to increase the selling floor space of its shopping center by approximately 15,500 square feet by construction of a one-story addition to leased space occupied by a so-called "anchor tenant" was arbitrary and capricious, and was not supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *see also, Matter of Frank v Scheyer,* 227 AD2d 558). Any additional traffic generated by the expansion, which was the Zoning Board's major concern, would be minimal at best. Contrary to the Board's findings, the petitioner presented evidence that the expansion was necessary in order for its anchor tenant to remain competitive with newer, larger stores in the area and that it is not able to expand by any method other than by creating an addition to the existing store. In addition, the Zoning Board's application of a "self-created benefit" standard was beyond the criteria enumerated in Town Law § 267-b (3) (b), which permits a zoning board to consider "whether the alleged *difficulty* was self-created" (Town Law § 267-b [3] [b] [5]; emphasis added). Accordingly, the Zoning Board's determination was not supported by substantial evidence. The benefit to the petitioner outweighed the detriment to the health, safety, and welfare of the community *(see,* Town Law § 267-b [3] [b]; *Matter of Fuhst v Foley, supra,* at 444-445; *Matter of Frank v Scheyer, supra; Matter of Marcello v Humenik,* 222 AD2d 677, 678; *Cange v Scheyer,* 146 AD2d 594, 594-595).

We note that while the Zoning Board, in making its determination, was permitted to consider, and properly disclosed its reliance upon, its members' personal knowledge and observations of the site *(see, e.g., Matter of Haas Hill Prop. Owners' Assn. v Zoning Bd. of Appeals,* 202 AD2d 895, 897), it should not have relied on and considered an unspecified newspaper article, which was published the day after the public hearings were closed in this matter, without affording the petitioner an opportunity to rebut the information contained therein *(see, Matter of Sunset Sanitation Serv. Corp. v Board of Zoning Appeals,* 172 AD2d 755, 755-756; *Matter of Stein v Board of Appeals,* 100 AD2d 590, 590-591).

The parties' remaining contentions are without merit. Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.