■ In the Matter of MICHAEL WILSON, Respondent, v TOWN OF MOHAWK et al., Respondents, and KATHY CONBOY, Appellant. [668 NYS2d 62] —Mercure, J. Appeal from a judgment of the Supreme Court (Best, J.), entered December 11, 1996 in Montgomery County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, annul a determination of the Zoning Board of Appeals of the Town of Mohawk denying petitioner's request for an area variance.

Petitioner owns a parcel of property located in an R-2 residential district of the Town of Mohawk, Montgomery County. The parcel is triangular in shape, with one side fronting on Getman Road for a distance of 320 feet and the right and left side lines angling back to a point in the rear. In April 1996, petitioner applied for permits to place a manufactured home on the property. A sketch submitted with the applications showed the general location of the proposed residence, which was to be situated on the lot such that the rear of the building roughly paralleled the angled right side line of the property. Zoning and building permits were issued and petitioner proceeded with site preparation, including the construction of a poured concrete slab and installation of a well and electrical, plumbing and septic systems. The manufactured home was delivered and affixed to the foundation on June 18, 1996; it was completed and ready for occupancy two days later. On June 28, 1996, respondent Town Code Enforcement Officer directed petitioner to cease work on the project pending a de-

termination of whether the placement of the house violated the 50-foot rear lot line setback requirement. Ultimately, it was determined that the house had been placed such that its right and left rear corners were respectively 40.4 feet and 46.2 feet from the lot's right side line, which was at that point apparently being considered the lot's rear line because of the placement of the rear of the house parallel to it.

Petitioner appeared before respondent Town of Mohawk Zoning Board of Appeals (hereinafter the ZBA) on July 16, 1996, seeking a determination that the line at issue was actually a side line and thus implicated a setback requirement of only 20 feet. As alternative relief, petitioner sought an area variance. Based upon the ZBA's uncertainty as to the precise location of the subject lot line and, in fact, whether the placement of the residence violated even a 50-foot setback requirement, the matter was adjourned for preparation of a survey. The proceeding continued on July 30, 1996. For reasons that are unclear, at that time the ZBA essentially ignored petitioner's primary avenue of relief and limited its attention to the variance request. After considerable discussion among the members of the ZBA and comments by the public, the ZBA voted 4 to 3 to deny the variance request. The ZBA's written decision dated August 8, 1996 relied exclusively upon the objections of several of petitioner's neighbors as the basis for the denial, citing specifically to the neighbors' comments that the variance would depreciate the value of their homes, that petitioner should have known the building requirements, that "any deviation from the requirements of the Zoning Ordinance were self imposed * * * [and that] the granting of this variance would create a precedence [sic]". Petitioner then challenged the ZBA's determination in the present CPLR article 78 proceeding. Supreme Court granted the petition, annulled the ZBA's determination and ordered the Code Enforcement Officer to grant petitioner an area variance and a permanent certificate of occupancy. Respondent Kathy Conboy, an owner of the lot bounding petitioner's on the right who had joined in the proceeding as an intervenor, appeals.

We affirm. Under current law, zoning boards considering area variance requests are to engage in a balancing test, "weighing 'the benefit to the applicant' against 'the detriment to the health, safety and welfare of the neighborhood or community' " if the variance were to be granted (*Matter of Sasso v Osgood*, 86 NY2d 374, 384, quoting Town Law § 267-b [3] [b]; *see, Matter of Stewart v Ferris*, 236 AD2d 767; Rice, Supplementary Practice Commentaries, McKinney's Cons Laws of

NY, Book 61, Town Law § 267-b, 1997 Pocket Part, at 109). The factors to be considered by the zoning board are: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b [3] [b]).

Based upon our review of the record, we conclude that the ZBA gave no real consideration to any of the statutory factors but, rather, rendered its determination solely on the basis of neighbors' objection to the type of residence that petitioner was placing on the site, a concern having nothing at all to do with the application that was before the ZBA. It is our further view that, had the ZBA given due consideration to the relevant factors, it would have found a dearth of evidence supporting a denial of the variance request. First, we perceive no basis for a finding that petitioner's hardship was self-created. The record shows that petitioner sited his residence and was granted a building permit on the assumption (a correct one, we believe) that the 20-foot side line setback applied and that the placement of petitioner's house was in full conformity with the Zoning Ordinance. We do not believe that greater diligence would have prevented this "error".

Second, no competent evidence was adduced to support a finding that granting the variance would bring about an undesirable change in the character of the neighborhood or a detriment to nearby properties. The closest neighboring residence was located approximately 150 feet from petitioner's and the over-all effect on the neighborhood was so minuscule that, absent a survey, the ZBA was unable to determine whether there was any violation at all. Similarly, the requested variance, amounting to only 10 feet, was insubstantial (see, Matter of Townwide Props. v Zoning Bd. of Appeals, 143 AD2d 757).

Finally, absent the variance, petitioner will have to pay approximately $8,300 to add 10 feet of concrete to the existing slab and disassemble and then reconstruct the home. Under the circumstances, we agree with Supreme Court that there

was not substantial evidence to support the ZBA's determination (*see, Matter of Stewart v Ferris, supra; Matter of O'Hara v Zoning Bd. of Appeals*, 226 AD2d 537, *lv denied* 88 NY2d 810; *cf., Matter of Segal v Zoning Bd. of Appeals*, 191 AD2d 873).

Cardona, P. J., Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.