■ In the Matter of JOHN C. BAKER et al., Appellants, v HEATHER BROWNLIE et al., Respondents. [670 NYS2d 216] —In a proceeding pursuant to CPLR article 78 to annul a determination of the Zoning Board of Appeals of the Incorporated Village of Dering Harbor dated March 16, 1996, which, after a hearing, denied the petitioners' application for a building permit and/or an area variance, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 26, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination dated March 16, 1996, is annulled, and the respondents are directed to issue to the petitioners the requested area vari-

ance and building permit, subject to any reasonable conditions deemed necessary.

The petitioners are the owners of a single family home situated on a waterfront parcel of land in the Village of Dering Harbor on Shelter Island. The petitioners' home is bordered on the south by Dering Lane, and on the west by Shore Road. Beyond Shore Road is Dering Harbor. The petitioners sought a building permit, or an area variance if deemed necessary, to construct a concrete patio along the western portion of their home. This patio was to be equipped with removable metal posts which would support a canvas awning. The southern edge of the patio was to be aligned with the southern side of the house, flush with an enclosed sunroom that had formerly been an open porch overlooking Dering Lane.

After protracted proceedings and prior litigation (see, Matter of Baker v Edwards, 221 AD2d 436), the Zoning Board of Appeals of the Incorporated Village of Dering Harbor (hereinafter the Board) denied the petitioners' application finding that the patio was a "building", as defined by the village zoning code (see, Village of Dering Harbor Code § 1-106 [2] [d]), and that an area variance would thus be necessary because the patio would be set back only 12.4 feet from the southern property line on Dering Lane. The Board determined that the patio was subject to a 40-foot front-yard-setback requirement and determined that the petitioners were entitled to only a 4-foot variance as measured from the deed line on Dering Lane. The petitioners challenge this determination which effectively restricts their ability to construct the subject patio. The Supreme Court upheld this determination as having a rational basis. We now reverse and grant the petition.

It is now beyond cavil that the pertinent criteria for determining an application for an area variance are those set forth by Town Law § 267-b (3) (b) (see, Matter of Sasso v Osgood, 86 NY2d 374). Pursuant to that statute, a zoning board of appeals must consider whether the granting of the variance would result in an undesirable change in the character of the neighborhood or a detriment to neighboring properties; whether the benefit desired can be achieved without the need for a variance; whether the requested variance is substantial; whether it will have an adverse impact upon the physical or environmental conditions in the neighborhood; and whether the alleged difficulty is self-created.

In reviewing a determination of a zoning board of appeals to deny an application for an area variance, the scope of judicial review is limited to whether the action taken is illegal,

arbitrary, or an abuse of discretion (*see, Matter of Tarantino v Zoning Bd. of Appeals*, 228 AD2d 511; *Matter of Smith v Board of Appeals*, 202 AD2d 674). The court may not substitute its judgment for that of the Board unless its determination is arbitrary or contrary to law (*see, Matter of Brucia v Planning Bd.*, 157 AD2d 657). If the Board's determination is supported by substantial evidence and has a rational basis, it will not be disturbed (*see, Matter of Fuhst v Foley*, 45 NY2d 441; *Matter of Tarantino v Zoning Bd. of Appeals, supra; Matter of Watral v Scheyer*, 223 AD2d 711; *Matter of Romano v Jenks*, 220 AD2d 432).

In this case, we find that the denial of the petitioners' application for an area variance is arbitrary, capricious, and not supported by substantial evidence and thus we annul the determination (*see, Matter of Hampshire Mgt. Co. v Nadel*, 241 AD2d 496; *Matter of Frank v Schayer*, 227 AD2d 558).

In denying the petitioners' application, the Board made negative findings on each of the five statutory factors. Its determinations, however, are not rationally based upon evidence in the record. For example, the Board found that because houses in the area are close together, the granting of the variance would result in an undesirable change in the neighborhood. Contrary to the Board's determination, there is no evidence in the record to support such a finding. Moreover, even assuming that a concrete patio with removable supports and a cloth awning constitutes a building, the proposed patio will face the water and will have no genuinely detrimental impact upon neighboring parcels, several others of which have received variances for other recreational improvements. Furthermore, since the petitioners' desired benefit is to have a patio facing the water, the Board's finding that it could be located elsewhere on the petitioners' property is clearly erroneous.

The variance requested would permit the southern side of the patio to begin 12.4 feet from the Dering Lane property line. The Board determined, in effect, that both the Dering Lane and Shore Road sides of the petitioners' corner lot were front yards, and thus it determined that a front yard setback of 40 feet was necessary. Assuming that such a setback requirement applies, the petitioners have sought a substantial variance. However, it appears that the proposed patio will be flush with the current southerly edge of the house as it already exists, i.e., the patio will extend no closer to Dering Lane than the enclosed sunroom which is itself 12.4 feet from the property line. The proposed patio, which presumably will be covered with an awning only in warm weather, will not have any appreciable

impact on physical or environmental conditions in the area, notwithstanding that a substantial variance may be technically necessary.

Finally, the mere fact that the petitioners enclosed a formerly open porch facing south on Dering Lane does not render their plight a self-created hardship. This final factor, which is not determinative in any event, is inapplicable herein. The petitioners desire a patio overlooking the harbor on the west side of their property. The enclosure of the former south-facing porch overlooking Dering Lane is of no moment.

In short, since the Board's determination is not supported by substantial evidence, but appears to be wholly arbitrary and capricious, we vacate the determination and direct the Board to issue the requested variance and building permit, subject to any reasonable conditions it may impose, in a proper exercise of its discretion.

We have reviewed the petitioners' remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.