■ In the Matter of PINE SHORE BUILDERS, INC., Respondent, v WAYNE HORSLEY et al., Appellants. [678 NYS2d 300] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Babylon dated October 30, 1996, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Berler, J.), dated September 3, 1997, which granted the petition, annulled the determination, and directed the respondent to grant the variance.

Ordered that the judgment is affirmed, without costs or disbursements.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion (*see, Matter of Fuhst v Foley*, 45 NY2d 441; *Matter of Smith v Board of Appeals*, 202 AD2d 674). To annul an administrative determination made after a hearing, the court must conclude that the determination is not supported by substantial evidence on the record when read as a whole (*see, Matter of Lahey v Kelly*, 71 NY2d 135). In *Matter of Sasso v Osgood* (86 NY2d 374), the Court of Appeals explained that in making a determination, a zoning board must "engage in a balancing test, weighing 'the benefit to the applicant' against 'the detriment to the health, safety and welfare of the neighborhood or community' if the area variance is granted" (*Matter of Sasso v Osgood, supra*, at 384). The record demonstrates that the determination of the Zoning Board of Appeals of the Town of Babylon was not supported by substantial evidence and that the benefit to the petitioner outweighed the detriment to the health, safety, and welfare of the community (*see,* Town Law § 267-b [3] [b]; *Matter of Fuhst v Foley*, 45 NY2d 441, 444, *supra*; *Matter of Frank v Scheyer*, 227 AD2d 558; *Matter of Marcello v Humenick*, 222 AD2d 677, 678; *Cange v Scheyer*, 146 AD2d 594, 594-595). Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.