■ In the Matter of JOHN WITZL et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF BERNE et al., Appellants. [681 NYS2d 634] —Carpinello, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered October 29, 1997 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Zoning Board of Appeals of the Town of Berne denying petitioners' request for an area variance.

Since 1989, petitioners have been trying to build a single-family residence on a 3.5-acre parcel located in the Town of Berne, Albany County. At that time, they owned this parcel, as well as an adjoining 9.2-acre parcel; both parcels are located in a "Residential/Agriculture/Forestry" zone which requires residential lots to be a minimum of five acres. In 1989, petitioners sought an area variance from respondent Zoning Board of Appeals of the Town of Berne to build the residence. The Zoning Board denied petitioners' request by noting that subdivision

approval to combine a portion of the larger parcel with the smaller parcel would more appropriately accomplish their purpose.

As suggested, petitioners submitted a subdivision request to the Town of Berne Planning Board to add 1.5 acres from their larger parcel to the 3.5-acre parcel so they could build a home in compliance with the zoning regulations. Despite modifications to this application, the Planning Board ultimately denied subdivision approval. Minutes from the Planning Board's February 6, 1992 meeting reveal that a representative from the Albany County Planning Board recommended that petitioners apply for an area variance on the 3.5-acre parcel so as to avoid an unusual lot configuration. The Town Attorney made the same suggestion. The Planning Board noted that it denied the subdivision application "[i]n order to allow [petitioners] to apply for the area variance".

Thereafter, petitioners, who had lost the larger parcel through foreclosure in 1992, resubmitted their request for an area variance. Ignoring petitioners' efforts to obtain subdivision approval after denial of their first area variance, one Zoning Board member noted at the August 4, 1997 public hearing that petitioners "owned two adjoining parcels [since 1983] * * * which could have been combined to create two buildable lots" and that petitioners "did not follow through with what was suggested in 1989 and [are] therefore left with less options that [they] had then". The Town Attorney, who was present at the hearing, apparently said nothing to correct this misimpression, nor did he mention that petitioners were before the Zoning Board for a second time partly at his suggestion. "[B]ased on the facts submitted", which obviously included these misstatements, the Zoning Board voted to deny petitioners' second request for an area variance.

Petitioners challenged the Zoning Board's determination in the present CPLR article 78 proceeding. Supreme Court granted the petition, annulled the Zoning Board's determination and ordered that petitioners' application for an area variance be granted. Respondents appeal.

"[A] Zoning Board's determination must be upheld if it is rational and supported by substantial evidence" (*Matter of Khan v Zoning Bd. of Appeals*, 87 NY2d 344, 351; *Matter of Rogers v Baum*, 234 AD2d 685, 686). The standard of review for an area variance is outlined in Town Law § 267-b (3), which enumerates five factors to be considered by a zoning board in determining whether to grant an area variance and "requires the Zoning Board to engage in a balancing test, weighing 'the

benefit to the applicant' against 'the detriment to the health, safety and welfare of the neighborhood or community' " (*Matter of Sasso v Osgood*, 86 NY2d 374, 384, quoting Town Law § 267-b [3] [b]; *see, Matter of Stewart v Ferris*, 236 AD2d 767). We agree with Supreme Court's finding that the Zoning Board's determination must be annulled.

First, in denying the area variance, the Zoning Board relied on the erroneous statements that petitioners did not follow through with its prior suggestion that they obtain subdivision approval. It also failed to take into consideration that their first application was denied in large part because the Zoning Board decided that subdivision was more appropriate and that the suggested subdivision approval was subsequently denied by the Planning Board, itself suggesting that petitioners return to the Zoning Board to obtain an area variance. Given this whipsawing, the arbitrariness of the Zoning Board's determination in denying this second request is manifest.

More importantly, we discern no meaningful consideration of the statutory factors by the Zoning Board (*see, Matter of Wilson v Town of Mohawk*, 246 AD2d 762, 764). In its written determination, the Zoning Board primarily denied the second request on the ground that building on the lot would not conform to the five-acre requirement, a concern overstating the obvious.* There is no evidence in the record that granting the area variance would cause any environmental problems (*see,* Town Law § 267-b [3] [b] [4]; *Matter of Frank v Scheyer*, 227 AD2d 558; *cf., Matter of Rogers v Baum*, 234 AD2d 685, *supra*) or produce an undesirable change in the character of the neighborhood (*see,* Town Law § 267-b [3] [b] [1]). With respect to this latter factor, the record reveals that numerous lots in the surrounding area are significantly less than five acres. Additionally, there is *ample* evidence that petitioners unsuccessfully attempted to employ another feasible method to achieve their goal of constructing a single-family residence on the lot, i.e., subdivision approval (*see,* Town Law § 267-b [3] [b] [2]; *cf., Matter of Stewart v Ferris*, 236 AD2d 767, *supra*) and that this alternative is no longer available. Under these circumstances, we find that, on balance, the benefit to petitioners clearly outweighs any detriment to the health, safety and welfare of

---

* The Zoning Board stated that "[t]here are no special circumstances or conditions applying to this land, *as other residents * * * must conform to the 5 acre restrictions * * ** [and] [b]uilding on this parcel would not be in harmony with the general purpose of the Ordinance, *since it is not in harmony with the 5-acre requirement in that zone*[, and] * * * [t]o grant this variance would be granting a special privilege, *since others are not allowed to build on less than 5 acres in the RF zone*" (emphasis supplied).

the community. In light of our determination, it is unnecessary to reach the parties' remaining contentions.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.

