■ In the Matter of HARVEY GOLDSMITH, Respondent, v HERMON R. BISHOP et al., Appellants. [695 NYS2d 381] —In a proceed-

ing pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Westhampton Beach dated August 21, 1997, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated February 3, 1998, which granted the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner is the owner of vacant land in the Village of Westhampton Beach (hereinafter the Village). He intended to build a residence on the land but was precluded from placing a tennis court in the front yard by the Village Zoning Code (*see,* Code of the Village of Westhampton Beach § 197-35). The petitioner's application for an area variance was denied by the Zoning Board of Appeals of the Village (hereinafter the ZBA).

In evaluating the request for an area variance, the ZBA had to balance the benefits to the petitioner in granting the variance against the detriment to the health, safety, and welfare of the neighborhood or community (*see,* Village Law § 7-712-b [3]; *Matter of Sasso v Osgood,* 86 NY2d 374). We agree with the Supreme Court's determination that the denial of the petitioner's application was arbitrary and capricious and was not supported by substantial evidence in the record (*see, Matter of Fuhst v Foley,* 45 NY2d 441).

The petitioner submitted, *inter alia,* evidence of several other similarly-situated waterfront parcels with tennis courts in the front yard, and demonstrated that there would be no significant adverse traffic impacts or decrease in sight distances on roads adjoining his parcel as a result of the proposed tennis court. The petitioner's evidence was uncontroverted. The only reasons provided by the ZBA for its denial of the variance were that none of the six homes within the cul-de-sac in which the petitioner's property is located have front-yard tennis courts and that a "common sense" conclusion was that the proposed location of the tennis court would constitute an "attractive nuisance" for passing traffic. The only evidence upon which these conclusions were based were letters from the petitioner's neighbors. The conclusory statements contained in those letters do not support the denial of the petitioner's application (*see, Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan,* 251 AD2d 333). Without any valid independent evidence to controvert the petitioner's evidence, the findings of the ZBA have no rational basis, are not supported by substantial evidence, and its determination is arbitrary and capricious (*see, Matter of Baker v Brownlie,* 248 AD2d 527; *Matter of Ler-*

*ner v Town Bd.,* 244 AD2d 336, 337). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.