■ In the Matter of EASY HOME PROGRAM, Petitioner, v FRANK TROTTA et al., Respondents. [714 NYS2d 509] —Proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven, dated June 23, 1999, which, after a hearing, denied the petitioner's application for an area variance.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the respondents are directed to issue the requested area variance to the petitioner, subject to any reasonable conditions deemed necessary.

In determining the petitioner's application for an area variance, the respondent Zoning Board of Appeals of the Town of Brookhaven (hereinafter the Board) had to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the area variance is granted (*see, Matter of Sasso v Osgood,* 86 NY2d 374, 384). The Board must consider (1) whether the granting of the variance would result in undesirable change in the character of the neighborhood, or a detriment to neighboring properties, (2) whether the benefit sought can be achieved by some method other than an area variance, (3) whether the requested variance is substantial, (4) whether the grant of the variance will have an adverse impact upon the physical or environmental conditions in the neighborhood, and (5) whether the alleged difficulty is self-created (*see,* Town Law § 267-b [3] [b]; *Matter of Baker v Brownlie,* 248 AD2d 527, 528).

Here, the petitioner's difficulty was self-created and the requested variance was, arguably, substantial. However, there was no evidence that granting the variance would have an undesirable effect on the character of the neighborhood, adversely impact on physical and environmental conditions, or otherwise result in a " 'detriment to the health, safety and welfare of the neighborhood or community' " (*Matter of Sasso v Osgood, supra,* at 384; *see, Matter of Goldsmith v Bishop,* 264 AD2d 775; *Matter of Cassano v Zoning Bd. of Appeals,* 263 AD2d 506; *Matter of Peccoraro v Humenik,* 258 AD2d 465). In fact, in the immediate neighborhood of the subject parcel there are 11 lots that do not comply with the lot area zoning requirements (*see, Matter of Cassano v Zoning Bd. of Appeals,* 263 AD2d 506, *supra*).

Furthermore, the Board specifically acknowledged that there was no feasible alternative to the plan proposed by the petitioners. Accordingly, the denial of the area variance was arbitrary and capricious, and not supported by substantial evidence (*see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Tarantino v Zoning Bd. of Appeals,* 228 AD2d 511; *Matter of Smith v Board of Appeals,* 202 AD2d 674, 675). S. Miller, J. P., Friedmann, Luciano and Schmidt, JJ., concur.