■ In the Matter of DAVID PARK ESTATES, Respondent, v FRANK TROTTA, as Chairman of the Board of Zoning Appeals of the Town of Brookhaven, et al., Appellants. [723 NYS2d 885] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven, dated June 8, 1999, which, after a hearing, denied the

petitioner's application for area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated March 13, 2000, which granted the petition, annulled the determination, and directed that the variances be issued to the petitioner.

Ordered that judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The criteria for determining an application for an area variance are set forth in Town Law § 267-b (3) (b) (*see, Matter of Sasso v Osgood,* 86 NY2d 374; *Matter of Easy Home Program v Trotta,* 276 AD2d 553). The Board of Zoning Appeals of the Town of Brookhaven (hereinafter the Board) was required to engage in a balancing test, weighing the benefit to the petitioner against the detriment to the health, safety, and welfare of the neighborhood (*see, Matter of Sasso v Osgood, supra*). It was required to consider whether: granting the variances would create undesirable changes in the neighborhood's character or be detrimental to nearby properties; the benefit sought could be achieved by some method other than area variances; the requested variances were substantial; the requested variances would adversely effect the neighborhood's physical or environmental conditions; and, the petitioner's alleged difficulty was self-created (*see,* Town Law § 267-b [3] [b]; *Matter of Easy Home Program v Trotta, supra*; *Matter of Baker v Brownlie,* 248 AD2d 527).

Judicial review of the Board's determination is limited to ascertaining whether the Board's action was arbitrary and capricious, or illegal, or an abuse of discretion (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Easy Home Program v Trotta, supra*; *Matter of Smith v Board of Appeals,* 202 AD2d 674; *Matter of Brucia v Planning Bd.,* 157 AD2d 657). If the Board's determination is supported by substantial evidence and has a rational basis, it will not be disturbed (*see, Matter of Fuhst v Foley, supra*; *Matter of Rockbottom Stores v Zoning Bd. of Appeals,* 237 AD2d 611; *Matter of Tarantino v Zoning Bd. of Appeals,* 228 AD2d 511).

The record establishes that the Board properly applied Town Law § 267-b (3) (b) in considering the petitioner's application for area variances. Furthermore, its determination denying the petitioner area variances was not arbitrary and capricious, was supported by substantial evidence, and had a rational basis (*see, Matter of Fuhst v Foley, supra*; *Matter of Tetra Bldrs. v Scheyer,* 251 AD2d 589). Therefore, the Board's determination should not have been disturbed (*see, Matter of Fuhst v Foley, supra*).

In light of our determination, it is unnecessary to reach the Board's remaining contentions. Altman, J. P., Friedmann, Goldstein and Cozier, JJ., concur.