■ In the Matter of YOVALL AVGUSH, Appellant, v TOWN OF YORKTOWN BUILDING INSPECTOR et al., Respondents. [737 NYS2d 648] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Yorktown dated March 23, 2000, which found that the petitioner's property did not meet the requirements for issuance of a building permit, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), dated January 3, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

We find unpersuasive the petitioner's contention that the

respondents' determination was arbitrary and capricious (*see generally, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Easy Home Program v Trotta,* 276 AD2d 553). To obtain the desired building permit, the petitioner was required to demonstrate that the subject property possessed 100 feet of frontage on an appropriate street under Town Law § 280-a (1) and (2). That statute requires that a "street * * * giving access to * * * [the] proposed structure has been duly placed on the official map or plan," and that such street "shall have been suitably improved to the satisfaction of the town board or planning board * * * as adequate in respect to the public health, safety and general welfare for the special circumstances of the particular street" (Town Law § 280-a [1], [2]). According to the evidence before the Town of Yorktown Zoning Board of Appeals, the petitioner's lot lacks sufficient frontage on an improved town street. The frontage upon which the petitioner relies is on a street which, while placed on the official town map, has not been suitably improved to the satisfaction of the Zoning Board. Accordingly, absent the issuance of a variance, the petitioner's application for a building permit was properly denied.

The petitioner's remaining contention is without merit. Goldstein, J.P., Friedmann, McGinity and H. Miller, JJ., concur.