■ In the Matter of CHARLES POLSEN et al., Respondents, v ARMAND ROSENBERG et al., Appellants, and ALLEN W. HALE et al., Intervenors-Respondents-Appellants. [743 NYS2d 879] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Board of Zoning Appeals for the Village of Dobbs Ferry, dated March 1, 2000, which, after a hearing, denied the petitioner's application for certain area variances, the appeals are from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered January 9, 2001, which granted the petition, annulled the determination, and remitted the matter to the Board of Zoning Appeals for the Village of Dobbs Ferry with directions to grant the area variances.

Ordered that the judgment is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

Contrary to the determination of the Supreme Court, we find that the denial of the requested area variances was not arbitrary and capricious. The Board of Zoning Appeals for the Village of Dobbs Ferry (hereinafter the Board) properly considered all of the factors set forth in Village Law § 7-712-b (3) (b). The Board's determination that the detriment

to the community would outweigh the benefit to the petitioners if the variances were granted is supported by substantial evidence in the record and has a rational basis (*see Matter of Sasso v Osgood,* 86 NY2d 374; *Matter of David Park Estates v Trotta,* 283 AD2d 429). The determination, therefore, should not have been disturbed (*see Matter of Fuhst v Foley,* 45 NY2d 441). Ritter, J.P., Goldstein, Friedmann and Luciano, JJ., concur.