■ In the Matter of DOUG SCHUMACHER et al., Respondents, v TOWN OF EAST HAMPTON, NEW YORK ZONING BOARD OF APPEALS, Appellant. [849 NYS2d 72]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton, sued herein as Town of East Hampton, New York Zoning Board of Appeals, dated June 3, 2005, which, after a hearing, denied the petitioners' application for certain area variances and a natural resources special permit, the Zoning Board of Appeals of the Town of East Hampton, sued herein as Town of East Hampton, New York Zoning Board of Appeals, appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated August 21, 2006, which granted the petition, annulled the determination, and directed that the area variances be approved and natural resources special permit be issued.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 38 AD3d 545, 546 [2007]). Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d at 308; *Matter of Marro v Libert*, 40 AD3d 1100, 1101 [2007]; *Matter of Josato, Inc. v Wright*, 35 AD3d 470, 471 [2006], *lv denied* 9 NY3d 805 [2007]).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see* Town Law § 267-b [3] [b]; *Matter of Ifrah v Utschig*, 98 NY2d at 307; *Matter of Hannett v Scheyer*, 37 AD3d 603, 604 [2007]). The zoning board is also required to consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties if the

area variance is granted, (2) whether the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than an area variance, (3) whether the requested area variance is substantial, (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district if the variance is granted, and (5) whether the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Hannett v Scheyer*, 37 AD3d 603 [2007]).

Here, as the Supreme Court correctly determined, the determination of the Zoning Board of Appeals of the Town of East Hampton, sued herein as Town of East Hampton, New York Zoning Board of Appeals (hereinafter the Zoning Board) to deny the area variance application was arbitrary (*see Matter of Easy Home Program v Trotta*, 276 AD2d 553 [2000]). A review of the record reveals that the Zoning Board improperly succumbed to community pressure, since there was no evidence that granting the proposed variances would have an undesirable effect on the character of the neighborhood, adversely impact physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (*see Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.*, 3 AD3d 496, 497 [2004]; *Matter of Easy Home Program v Trotta*, 276 AD2d 553 [2000]; *Matter of Riklis v Board of Zoning Appeals of Town of Hempstead*, 243 AD2d 482 [1997]). In fact, not only were all of the surrounding lots nonconforming in terms of the applicable requirements for setbacks from wetlands, but, by constructing a new home the petitioners would actually increase the distance between the wetlands and their residence. Moreover, the alternatives suggested by the Zoning Board were not feasible (*see Matter of Easy Home Program v Trotta*, 276 AD2d 553 [2000]; *Matter of Witzl v Zoning Bd. of Appeals of Town of Berne*, 256 AD2d 775, 777 [1998]). The petitioners had already reduced the size of their proposed residence, and, as the Town Planning Department recognized in their environmental assessment form, a further reduction would not substantially improve wetland setbacks. The Zoning Board's conclusion that the petitioners could undertake a more limited expansion of the existing residence was irrational, given that such a proposal would only serve to decrease the setbacks from the wetlands.

Likewise, the Zoning Board's determination denying the petitioners' application for a Natural Resources Special Permit was arbitrary (*see Matter of Bond v Zoning Bd. of Appeals of Town of E. Hampton*, 272 AD2d 612, 613 [2000]; *cf. Matter of*

*Dausey v Kelley*, 137 AD2d 686, 687 [1988]). The petitioners demonstrated that the contemplated use is in conformity with the local legislatively imposed conditions (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190, 195 [2002]; *Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola,* 309 AD2d 804, 805 [2003]).

Accordingly, the Supreme Court properly annulled the Zoning Board's determination, granted the petition, and directed the Zoning Board to grant the area variances and the natural resources special permit. Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.